IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ELLEN GIANOULAKOS CRUZ, a New York
Resident, RICHARD RHEINHARDT and DOROTHY
RHEINHARDT, Florida Residents,

    Plaintiffs,
v.                                                           CASE NO. 1:10-CV-24264-PAS

REVELEX CORPORATION, a Florida corporation,
LEGENDARY JOURNEYS, INC., a Florida
Corporation, and FOUR SEASONS TOURS
AND CRUISES, a Florida corporation,

    Defendants.
_____/

## ORDER GRANTING MOTION TO TRANSFER VENUE

This cause is before the Court on Defendant Legendary Journeys, Inc.'s Motion to Compel Arbitration and Dismiss Proceedings and in the Event Said Relief is Denied, To Transfer Venue [DE-12]. This action arises from Defendants'[1] sale of travel insurance to Plaintiffs. Plaintiffs' proposed Class Action Fairness Act complaint alleges claims for negligence, violation of the Florida Deceptive and Unfair Trade Practices Act, and unjust enrichment. Defendant Legendary Journeys, Inc. (Legendary Journeys) moves to compel arbitration based on an arbitration clause in the booking contract between Plaintiff Cruz and Legendary Journeys. In the alternative, Legendary Journeys seeks to transfer venue of this matter to the Middle District of Florida, pursuant to a venue selection clause in the booking contract. Because the arbitration

---

[1] Defendant Four Seasons Tours and Cruises, Inc. has not appeared. The claims against Defendant Revelex Corp. have been dismissed. *See* DE-20. Defendant Revelex provided the booking platform/software, which Legendary Journeys used to sell the allegedly invalid travel insurance issued by a non-party, Travel Protection Services, Inc.

clause does not apply to this dispute, the motion to compel arbitration is denied. Because venue is more appropriate in the Middle District of Florida, the motion to transfer venue is granted.

## I. Facts Alleged in the Complaint

Plaintiff Cruz[2] is a resident of New York state who booked a cruise through Legendary Journeys, which has an office in Largo, Florida.[3] As part of the booking, Legendary Journeys also purchased trip cancellation insurance for Cruz. For personal reasons, Cruz had to cancel her cruise and therefore made a claim on the trip cancellation insurance policy. In response to her claim, the issuer of the policy, Traveler Protection Services, Inc., notified Cruz that it had insufficient funds to pay her claim.

According to the Complaint, Legendary Journeys was not licensed to sell travel insurance in the State of Florida. The Plaintiffs further allege that Legendary Journeys did not perform due diligence to investigate whether the insurance policies it sold to the public were issued by licensed insurers that had sufficient funds to pay claims. Legendary Journeys also knew or should have known that the policies it was selling were fake.

As part of her purchase of the cruise and insurance, Cruz executed a booking contract. The contract contains the following language:

> Cruise & Tour passage is subject to the terms and conditions and the important information outlined here. This includes the understanding that your participation in any Legendary Journeys cruise or tour program means that the resolution of disputes must

---

[2] Plaintiffs Richard and Dorothy Rheinhardt booked their travel with Defendant Four Seasons Tours and Cruises, which maintains an office in Largo, Florida. The Rheinhardts had no dealings with Legendary Journeys.

[3] Contrary to Plaintiffs' assertions, Largo, Florida is located in Pinellas County in the Middle District of Florida, not the Southern District of Florida.

2

>take place in Sarasota County, Florida. Per Florida Statute it is further understood disputes must be heard by Binding Arbitration in Sarasota County[,] Florida.

Based on this language Legendary Journeys seeks to compel arbitration.

In the alternative, Legendary Journeys seeks to transfer venue to the Middle District of Florida based on the forum selection clause in the booking contract or on forum non conveniens grounds. The Complaint alleges that venue is proper in the Southern District of Florida because "a significant number of the absent class members reside in this jurisdiction and a substantial amount of the events and occurrences giving rise to the claims occurred in this District." However, there are no specific allegations in the Complaint alleging that Cruz and Legendary Journeys have any connection to south Florida, other than the statement that Legendary Journeys conducts business in south Florida.

## II. The Motion to Compel Arbitration is Denied

A court must consider three things before compelling arbitration: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). Arbitration clauses are construed using basic contract interpretation principles. *Id.* Under these principles the plain language of the arbitration agreement is the best evidence of the parties' intent. *BallenIsles Country Club, Inc. v. Dexter Realty*, 24 So. 3d 649, 652 (Fla. 4th DCA 2009). Additionally, the arbitration clause must be read together with the other provisions of the contract. *Id.*

Reading the arbitration clause in the context of its surrounding provisions and giving the terms their plain meaning leads to the conclusion that Cruz's claims are not covered by the

3

arbitration agreement. The arbitration clause is one of the "terms and conditions" that Cruz agreed to be bound by as a result of "Cruise & Tour passage." Thus, the terms and conditions are only triggered if Cruz participates in "Cruise & Tour passage." The term "Cruise & Tour passage" is not defined in the booking contract. However, Webster's defines "passage" as "a specific act of traveling or passing." Meriam Webster's Collegiate Dictionary, 849 (10th ed. 1997). Thus, the terms and conditions, including the arbitration agreement, only apply if Cruz travels. There is no dispute that Cruz never traveled on her cruise or on any tour. Therefore, the triggering event for the application of the terms and conditions never occurred. Consequently, the arbitration agreement does not cover the dispute between Cruz and Legendary Journeys about the purchase of travel insurance.

### III. The Motion to Transfer Venue is Granted

In the alternative, Legendary Journeys seeks to transfer venue of this matter to the Middle District of Florida pursuant to the venue selection clause in the booking contract. However, for the same reason that the arbitration clause was not triggered, the venue selection clause has not been triggered by the circumstances before the Court. Even without a forum selection clause, 28 U.S.C. § 1404(a) permits a district court to transfer venue of an action to another district court "[f]or the convenience of parties, witnesses [or] in the interest of justice." Because these considerations weigh in favor of venue in the Middle District of Florida, transfer is appropriate.

Factors a court should consider in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means

of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Manuel v. Convergys, Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). Legendary Journeys argues that the majority of factors weigh in favor of transfer to the Middle District. Plaintiffs argue that venue is proper here because Plaintiffs' choice of form should be granted deference, Defendants' marketing extended into this district, and countless class members reside in the Southern District.

Currently, the only Plaintiff with a claim against Legendary Journeys, Cruz, resides in New York state. All of Cruz's contacts with Legendary Journeys were made with representatives of Legendary Journeys located in the Middle District, while she was in New York. Thus, the locus of operative facts occurred in the Middle District, where all the relevant documents and key witnesses are located in Sarasota County and Marion County. *See* DE-13-1. While Cruz argues that the Middle District is less convenient because it is "generally regarded as less accessible by common transportation and more expensive for accommodations that the Southern District of Florida," this is nothing more than an unsupported assumption. Cruz has not presented a single reason why it would be more difficult for a New York resident to attend proceedings in the Middle District than the Southern District. The availability of process to compel witness attendance, the forum's familiarity with the governing law, and trial efficiency and the interests of justice do not favor either venue.

Finally, while a plaintiff's choice of forum is generally accorded some weight in the consideration of venue, transfer is appropriate if the other factors clearly outweigh a plaintiff's choice. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996). Therefore, the

5

burden is on the moving party to establish that the suggested forum is more convenient. *In re Ricoh Corp.* 870 F.2d 570, 573 (11th Cir. 1989). In this case, Legendary Journeys has met that burden. As set out above, the witnesses and the documents are located in the Middle District and the locus of operative facts occurred there. Cruz has no connection to the Southern District of Florida. The costs of litigating in the Middle District will not be any greater than the costs of litigating in the Southern District and may actually be less given the location of Legendary Journeys and the documents. Therefore, the factors in favor of the Middle District far outweigh Cruz's choice of forum, especially given the fact that no current party is located in the Southern District of Florida.

Accordingly, it is

ORDERED that Defendant Legendary Journeys, Inc.'s Motion to Compel Arbitration and Dismiss Proceedings and in the Event Said Relief is Denied, To Transfer Venue [DE-12] is GRANTED in part and DENIED in part.

a) The Motion to Compel Arbitration is DENIED.

b) The Motion to Transfer Venue is GRANTED. The Clerk is directed to transfer this action to the Middle District of Florida, Tampa Division.

c) All pending motions are DENIED as moot.

DONE and ORDERED in Miami, Florida, this __18th__ day of May, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record